# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **MAURICE ANTONIO DAVIS,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:16CV00453 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **EARL BARKSDALE,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Respondent. | ) | |

*Maurice Antonio Davis, Pro Se Petitioner.*

Petitioner Maurice Antonio Davis, proceeding pro se, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.[1] Davis challenges the validity of his confinement under the 2013 Judgment of the Charlottesville Circuit Court convicting him of robbery and related offenses and sentencing him to 18 years in prison. Upon review of the petition, I conclude that it must be summarily dismissed without prejudice, because Davis has not exhausted available state court remedies.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Ultimately, exhaustion requires the petitioner to present

---

[1] **Error! Main Document Only.** Davis originally filed his petition in the United States District Court for the Eastern District of Virginia. It was transferred here because the court that imposed the judgment under challenge is located in this district.

his claims to the highest state court with jurisdiction to consider them. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). If a § 2254 petitioner has not presented his habeas claims to the appropriate state court and could still do so, a federal court should dismiss his petition without prejudice. *See Slayton v. Smith*, 404 U.S. 53, 54 (1971).

Davis indicates on the face of his petition that he has presented each of his § 2254 claims in a state habeas corpus petition mailed to the Charlottesville Circuit Court in late August 2016. State court records do not indicate that neither the Supreme Court of Virginia nor the Charlottesville Circuit Court has docketed a state habeas petition from Davis.

Clearly, Davis has not yet exhausted available state court remedies as required under § 2254(b). He can resubmit his state habeas petition to the circuit court, and if the circuit court rules against him on his state habeas claims, he can appeal that disposition to the Supreme Court of Virginia. *See* Va. Code Ann. §§ 8.01-654(A)(1), 17.1-406(B). In the alternative, he can submit his state habeas petition to the Supreme Court of Virginia. *See* Va. Code Ann. § 8.01-654(A)(1). Until Davis has given the Supreme Court of Virginia an opportunity to address his claims through one of these routes, he has available state court remedies and has not satisfied the exhaustion requirement in § 2254(b). Therefore, I must dismiss

his § 2254 petition without prejudice for failure to exhaust state court remedies.[2]  If Davis is dissatisfied with the outcome of his state court habeas proceedings, he may then file a § 2254 petition in this court.[3]

A separate Final Order will be entered herewith.

DATED: September 28, 2016

/s/ James P. Jones
United States District Judge

---

[2] Under Rule 4(b) of the Rules Governing § 2254 Cases, I may summarily dismiss a § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

[3] Davis is advised that once he has exhausted state court remedies, he will have a limited time to file a § 2254 petition, pursuant to 28 U.S.C. § 2254(d)(1).  Once he properly files his state habeas claims, the § 2254 filing time limit will stop running temporarily until the state habeas proceedings are concluded.  *See* 28 U.S.C. § 2254(d)(2).